PETER COHN et al., Appellants, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

**St. Louis Court of Appeals, February 12, 1901.**

Jurisdiction: TRANSFER TO SUPREME COURT. The appeal must be transferred to the Supreme Court. It was taken from a judgment sustaining a demurrer to the petition, made final on the appellant's refusing to plead further. The amount in dispute between the parties is to be ascertained, therefore, from the petition, and is, at least seven thousand five hundred dollars, and the jurisdiction of this court is limited by the Constitution to cases where the amount in dispute does not exceed twenty-five hundred dollars and costs.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*E. R. Lentz* for appellants.

*Martin L. Clardy* and *Louis F. Dinning* for respondent.

GOODE, J.—This action was instituted by the appellant to recover from the respondent the penalties provided by section 2643 of the Revised Statutes of 1889 (section 1140, Revised Statutes 1899), for alleged violation of the provisions of sections 2636 and 2637, Revised Statutes 1889 (sections 1133 and 1134, Revised Statutes 1899). The petition contains two counts. The first declares for sundry violations of section 2636 by the defendant railway company from the twenty-sixth day of March, 1896, until the filing of the petition, by alleged dis-

criminations in freight rates in favor of the towns of Charleston, Sikeston, Morehouse, Gray's Ridge, Essex, and Dexter, and against Poplar Bluff where the plaintiffs were engaged in mercantile pursuits and which is charged to be nearer to the city of St. Louis than either of the others. It is averred that notwithstanding this greater distance, the points first named enjoyed a lower freight schedule from St. Louis. A statement is made of the amounts and classes of freights shipped over the defendant's line of road by the plaintiffs between the said dates, together with allegations that on account of the discrimination they had been and were unable to compete with merchants in the said other towns, and lost many of their customers and much of their trade and had been damaged in the sum of twenty-five hundred dollars. The prayer is for judgment for said sum, the costs of the action, and that when the damages have been ascertained the court will render judgment against the defendant for three times their amount and for a reasonable attorney's fee to be assessed as costs.

The second count is like the first in all respects except that the infraction of the statutes charged is exacting from plaintiffs more for the short haul to Poplar Bluff than the merchants in the other towns are charged for longer hauls, with damages to plaintiffs entailed thereby amounting to twenty-five hundred dollars. The prayer for relief is similar to that of the first count. One of the causes of action is based on section 2636, the other on section 2637, Revised Statutes 1889—that is the difference between them.

The appeal must be transferred to the Supreme Court. It was taken from a judgment sustaining a demurrer to the petition, made final on the appellant's refusing to plead further. The amount in dispute between the parties is to be ascertained, therefore, from the petition, and is at least seven thousand five hundred dollars. The appellants insist it is

only two thousand five hundred dollars, but we can not sanction that view. The respondent contests their right to recover not only the damages alleged, but three times that sum or the entire penalty. The appellants seek to recover three times the amount of the damages. Our jurisdiction is limited by the Constitution to cases where the amount in dispute does not exceed two thousand five hundred dollars and costs. The cause is ordered to be transferred to the Supreme Court. All concur.